IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| John Peter Grealish, | ) | Case No. 2:08CV765 DS |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM DECISION |
| American Brokers Conduit; Countrywide Mortgage; GMAC Mortgage Corp., | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INTRODUCTION

On or about December 12, 2006, American Brokers Conduit (ABC) loaned Mr. Grealish $1,000,000 to acquire property located at 2068 E. Bear Mountain Drive in Draper, Utah. The loan was secured by a trust deed on the property. On or about December 26, 2006 ABC made a second loan to Mr. Grealish for $300,000, secured by a Deed of Trust against the same property. ABC assigned the beneficial interest in the First Trust Deed to Defendant Countrywide Mortgage and in the Second Trust Deed to Defendant GMAC Mortgage. Mr. Grealish filed this lawsuit claiming that ABC failed to verify his income and assets, and that despite his agreement to purchase the property for $1,300,000, the actual value was far less. Countrywide and GMAC both filed motions to dismiss. Because Plaintiff's claims are based on conduct of ABC or its agents that occurred at the origination of the loans, and because the complaint fails to establish any act or conduct of Countrywide or GMAC that would form the basis of any claims, the Court hereby grants the Motions to Dismiss.

**ANALYSIS**

Under rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pled allegations of the Amended complaint as true.  *See, e.g., Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002).  A cause of action will be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  When considering a motion to dismiss, the court is to accept all of the factual allegations in the complaint as true and ask whether, in these circumstances, dismissal of the complaint is appropriate.  Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption.  *Caprin v. Simon Transp. Servs.,* 112 F.Supp.2d 1251, 1254-55 (D. Utah 2000)(citations and quotations omitted).

Mr. Grealish admits that all of his allegations relate to conduct that occurred prior to Countrywide and GMAC's involvement in this transaction.  He attempts to cure this defect by including a number of conclusory allegations of conspiracy, "agency" and "control," without any facts to support these allegations.  In analyzing a complaint, "the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Amoco Production Co. V. Aspen Group,* 25 F.Supp.2d 1162, 1164 (D. Colo. 1998).  Mr. Grealish must allege sufficient facts to "nudge [his] claims across the line from conceivable to plausible." *Bell Atlantic Corporation, et. al. v. Twombley,* 127 S.Ct. 1955, 1964-65 and 1969 (2007).  Here there are no facts alleged which would support Mr. Grealish's claims against Countrywide or GMAC, and the claims are not plausible.  There is no mention of which actions (or inactions) were allegedly taken by Countrywide or GMAC, on what dates, or how such actions or inactions allegedly harmed Mr. Grealish.

**A. Plaintiff's Truth in Lending Claims Do Not Apply to this Loan and are Barred by the Statute of Limitations.**

Mr. Grealish's Truth-in-Lending claim ("TILA") fails as a matter of law. Any claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the violation, if any, occurred at loan closing in December 2006. Plaintiff's original complaint was not filed until October 2008. Plaintiff's TILA claim is barred by the statute of limitations. Also, 12 CFR 226.32, which Plaintiff relies on for his rescission claim, does not apply to any "residential mortgage transaction." *See* 12 CFR § 226.32(a)(2)(i). Assuming that the property is in fact Mr. Grealish's dwelling as he has alleged, then the regulations on which he relies do not apply to the loan, and his claims must be dismissed.

**B. Plaintiff Failed to Sufficiently Plead His Claims of Fraud, Conspiracy to Defraud, and Mutual Mistake.**

Under Rule 9 of the Federal Rules of Civil Procedure, fraud must be plead with particularity. When pleading a fraud claim, a plaintiff must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *See Schwartz v. Celestial Seasonings,* 124 F.3d 1246, 1252 (10th Cir. 1997). Mr. Grealish has failed to set forth any of the elements listed above, let alone with sufficient particularity. In his opposition memo, Mr. Grealish simply describes "a widespread scheme amongst the major mortgage companies, like the defendants in this case." There are no specific allegations regarding these particular defendants, specifying what representation was made, who it was made by, the content of the alleged representation, or any of the other requisite elements to plead fraud. Accordingly, the fraud claims fail.

**C. Plaintiff's Claims for Rescission Fail as a Matter of Law.**

Mr. Grealish has no claims for rescission as he has not tendered a return of the one million dollars or the 300,000 dollars to Countrywide and GMAC. Rescission is an equitable remedy "that attempts to return parties to the status quo." *Anderson v. Doms,* 2003 UT App 241, ¶11, 75 P.3d 825, 929. It is therefore necessary for the party seeking rescission to tender a return to the status quo that existed before the contract. *See 50 W. Broadway Assocs. v. Redevelopment Agency,* 784 P.2d 1162, 1170 (Utah 1989). Without a return to the status quo, rescission is unavailable.

**D. Plaintiff's Negligence Claims Fail as a Matter of Law**

Mr. Grealish also makes a claim alleging negligence. He contends that "Defendants had control over verification of all financial information and to make sure any rules and procedure to prevent fraud had been observed and followed." (Pl.'s Opp. 5-6.) This conclusory statement is inaccurate and otherwise fails to provide any legal basis supporting the notion that Countrywide and GMAC owed a duty to Mr. Grealish to prevent ABC from loaning him the money he requested. This claim also fails.

**E. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails as Foreclosing a Trust Deed is Not "Outrageous."**

Mr. Grealish claims that foreclosing on the unpaid loan is so extreme and outrageous as to constitute an intentional infliction of emotional distress. "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair." *Oman v. Davis School District,* 2008 UT 70, ¶53 (quoting *Franco v. Church of Jesus Christ of Latter-day Saints,* 2001 UT 25, ¶28, 21 P.3d 198.) As a matter of law, the foreclosure of a deed of trust is not outrageous or extreme, but is a normal event when a mortgage debt is not paid.

Mr. Grealish has not alleged, nor could he, that the purpose for the foreclosure was to cause emotional distress rather than to legitimately collect a debt, as required for his intentional infliction of emotional distress claim. Thus, this claim also fails. The Court also notes that there is no such claim as "Wrongful Notice of Foreclosure," and Mr. Grealish does not identify any legal basis for this claim.

## CONCLUSION

Defendants Countrywide and GMAC, in their Motions to Dismiss, point out numerous defects in Mr. Grealish's Amended Complaint. For the reasons explained above, all of Mr Grealish's claims fail under Rule 12(b)(6), Fed.R.Civ.P. Therefore, the Court hereby grants both Motions to Dismiss the Amended Complaint  (Doc. #20 and #24).

DATED this 16th day of September, 2009.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT